May it please the Court, Xander Lopez, Federal Defenders, on behalf of Mr. Bobby Sehorn. The overarching reason for the District Court's denial of the motion for compassionate release was the Court's assumption that the Court in 1996, quote, determined that a sentence of 401 months was necessary under 3553A. That assumption was wrong, and it affected both prongs of the 3582C analysis. This Court should reverse and remand not only because of this and other clearly erroneous findings of material fact and law, but because the Court also procedurally erred in a trio by failing to consider non-frivolous mitigating factors tethered to the 3553A analysis. And I'd like to first address three legal errors that so pervaded specific 3553A factors that reversal is required. The first two of those three legal errors involved the Court deferring to what it believed to be a fully discretionary 3553A analysis in 1996. But when in actuality, the 96 Court was operating under significant constraints. Could I just interrupt you there? Let's say you're right that the earlier Court did not do the full analysis. I'm still looking at ER 12 lines 15 through 23, and it seems like the more recent Court did the full analysis under 3553, so I'm not sure why you think that there was full reliance on the earlier Court. There wasn't for three reasons. Specifically, the errors, the three errors seeped into the Court's analysis of 3553A. And one of the specific 3553A factors is vastness and disparity. But without the Court understanding that the 96 Court was operating under such significant constraints, it could not understand the vastness and disparity with the changes in the law. So Judge Friedland's question, because I was also focusing on ER 12 lines 15 to 23. So my question is, is there anything in that paragraph that the District Court got wrong? So is there anything ER 12, 15 to 23 that is incorrect? There isn't. But in 3553, there is. And then on page 13, the District Court says at line 7 and 8, the sentence remains supported by the factors under 3553. So if everything in 15 to 23 is accurate and the District Court is going through the current conditions, how can we possibly find the District Court abused its discretion? Because, Your Honor, it was relying and it was deferring on legally erroneous facts and law. It was using the prior 96 Court analysis as the benchmark. The problem is that. How would we tell that, though? I mean, just because it says continue. We could tell that because Mr. Seahorn raised several mitigating factors, including disparities in sentencing, the Congress's intent to reevaluate the seriousness of offense. None of that was addressed in those paragraphs that Your Honors. But hasn't the Supreme Court, including recently, told us District Courts don't have to mention everything in order to oppose a sentence? They don't, but they can't rely on legally erroneous findings. And when the defendant raises non-frivolous arguments, they have to address it. They weren't addressed here. And to the extent that they were addressed outside of those paragraphs, the analysis was completely wrong. And if I could take Your Honors back to the differences in sentencing in 1996 versus today. In 1996, the mid-range mandatory minimum was 161 months plus 20 years for a total of 401 months. Today, post-Booker, post-Dean, post-First Step Act, the mandatory guideline sentence, the mid-range sentence is 221 months. That's cut in half, and only 60 of those months are mandatory. The District Court failed to grasp that, and because it did, it didn't address that in that paragraph that Your Honors are referring to. And also, it failed to understand the seriousness of the offense. It deferred to what the court in 1996 found to be serious. But as Lizarra Chacon has indicated, by reducing the mandatory minimum here by 15 years, Congress is reassessing what, how serious this offense actually is. I just want to take a little bit of issue with the way you're describing what the current district judge did. Because in that same paragraph we're looking at, the court says, this court finds that the factors continue to support the sentence. And then the court goes and lists them, and you say that they're not inaccurate. The nature and circumstances were aggravated. Defendant was the leader and organizer. He escaped. He continued to violate prison rules, including explicit threats of violence, as recently as three years ago. So it's clear to me from this paragraph that the District Court is looking at the facts before the District Court, including things that happened after sentencing. Not just what the District Court thinks the original sentencing judge did or didn't do. Your Honor, the problem is that the only new information is the disciplinary record. But all of the others is deferring back to what the 1996 court did. It's not addressing the changes in the law. It's not addressing Congress's intent to reduce the sentence because it found the previous mandatory minimum to be just and unnecessary. It's not addressing the disparities resulting from granting compassionate release to his co-defendant, Mr. Lott. It's not addressing several other of the mitigating factors. It's remaining back in time in 1996 in addressing disparities and the seriousness of the offense. What should we do with the fact that Congress did not make the change retroactive? Congress didn't make it retroactive, but still what's required, as this court has indicated in Chen, is that there's still required an individualized assessment. And that individualized assessment cannot be tainted by significant legal errors as it was here. And I see that I'm remaining, I'd like to reserve the remaining of my time for rebuttal. Unless your honors have any other questions. No, it doesn't look like it. Let's hear from the government. May it please the court, Daniel Zip on behalf of the United States. Your honor, the district court was within its discretion in denying Mr. Sehorne's compassionate release motion based purely on its own analysis of the 3553A factors. As your honors noted, at ER 12, there's a standalone paragraph that's not tied in any way to the court's earlier findings about the sentencing judge that lists through all the aggravating factors, including most notably the defendant's threats to BOP prison officials three years before he filed his motion, that he would essentially physically assault them if he saw them on the street. So. You agree the district court said things in here that were factually incorrect, right? Your honor, we don't, it's ambiguous. Whether it rises to the level of a clear error of material factors. But that's not my question. My question is, you agree that this order that the district court entered says things that don't comport with the facts? Not necessarily, your honor. Tell me why you disagree with your friend's view that the district court misstated what happened at sentencing. Sure. So I think one of the sentences they focused on is that the district court said that the earlier sentencing judge fully considered the alternatives for sentencing and determined that a sentence of 401 months was necessary. Of course, the district court's alternatives for sentencing in 1996 were very limited. But the district court did consider alternatives. At ER 101, it considered and denied the defendant's request for a departure from the low end of the guidelines. At ER 107, it considered the United States recommendation for an upward departure from the guidelines. And when it imposed the mid-range sentence, it said, I find that all of the aggravating and mitigating factors have been taken into account in computing the guideline range. So the district court did not explicitly list the 3553 factors. But on a clear-error standard, we don't believe that that statement is enough to say that the district court had it wrong, particularly when this court assumes that district courts know the law. But on a clear-error standard, this, at the very least, is open to multiple interpretations of what the district court meant. The suggestion, though, from this order here is that the original sentencing judge, the judge didn't say this explicitly, but the assumption is that the judge came to the conclusion that wholly apart from the mandatory sentencing component, the judge would have still imposed a sentence of 401 months, no matter what, because taking into account all of the 3553 factors, that was the sentence that was necessary. I don't think there's any suggestion in the original sentence of transcript that that's the determination the judge made. There's not. The court didn't really say much at the original sentencing about how the 240 months tied into the 3553. But again, I think the law at the time in working was merely that the court couldn't depart downward from the mandatory guidelines based on the 924C. It wasn't until years later that this court confirmed, or the Supreme Court confirmed, and deemed that the courts can consider it as part of the 3553 analysis. There's no indication here that the original sentencing judge sort of misapplied the law or misunderstood that it was prohibited from considering the 924C when arriving at that mid-range sentence. There's simply just not much in the record to show what the original sentencing judge was doing as far as the interplay between the guidelines and the 924C. What is clear is that the court, as the full paragraph of the district court today, when analyzing the original sentencing, it said that the court considered the defendant's age, his aggravated criminal history, the serious circumstances of the offense, and arrived at a mid-range sentence. So that, we don't believe, rises to the level of clear error. At the very least, it's open to multiple interpretations. What's your response to your opponents' reliance upon Trujillo, which seems to require more than what the district judge here gave us as far as an explanation for why the mitigating evidence didn't carry the case? Your Honor, Trujillo is a case that, afterwards, it certainly, we believe, is sort of an outlier case. There's been cases after that, including a Mezquez-Vazquez that have basically explicitly said once the court makes it clear that it has heard the party's arguments and has a reasoned basis for rejecting them, that that is sufficient. And more recently, as Your Honor noted, in Concepcion, the Supreme Court held that courts are not required to explicitly address every sentencing argument, as long as this court has enough to determine that the court heard the arguments, made a reasoned decision, that that's a sufficient explanation. But what do we have? Because we have no explanation. We have no acknowledgment that the mitigating evidence even exists. So what explanation do we have to know that it was a reasoned judgment? Well, Your Honor, I think that if you look at what the defense is saying, the court failed to actually address. It was very limited. There were 40 pages of defense briefing in this case. There was one paragraph on the defendant's childhood trauma and the ACE factors. And there was one page discussing the sentencing disparities. And some discussion of rehabilitation. The fact that the district court clearly read all of that briefing and that highlighted the overwhelming aggravating factors that supported continued incarceration, including, as I mentioned, the defendant's recent threats of violence, there was not under Concepcion a requirement that the court go through and expressly rebut each argument made by the parties. So we would suggest that in light of that standard, which is looser than the Trujillo standard, that the district court was well within its discretion in denying purely on 3553 grounds. Happy to answer any other questions. Thank you. Thank you. We have some time for rebuttal. Thank you, Your Honor. First, there were factual errors and there were material. Opposing counsel indicates that it's unclear what the district court in 1996 held, but the district court here said it was conclusive that the 96 court was relying on its discretion under 3553A. Basically, it could have given a lesser sentence, but it chose not to. And also, the law was clear at that time that the 96 court could not have taken into consideration the 924C enhancement. Under working, this court indicated in 2002 that the 924C analysis was separate and independent from the underlying offense. And there's nothing on the record to indicate that the court, in fact, did take into consideration the 20-year mandatory minimum. Now, the problem is also the fact that this wasn't sufficient explanation because of these legal errors. As the court indicated in Wright, it also depends, the sufficiency of the explanation depends on the complexity of the case. Here, the complexity of the case is that there's so many legal errors and factual errors involving two 3553A factors, the disparity and the seriousness of the offense, that significantly, significantly, I'm sorry, I'm flaking on the words, but that address the 3553A analysis. And that's what happened here. Consencion requires more. It requires reasoned explanation. None of that is here. There's nothing regarding disparity of the sentence. There's nothing regarding defendant lot. There's nothing about Congress' intent to say that this type of offense is less serious than it was considered in 1993. Mr. Sehorne is serving a 33-year sentence and four months for an offense that now, under murder, is half. Murder is today, is half of that. And he has already served more than 90% of his sentence. And the court also failed to consider that fact in analyzing the 3553A analysis. And unless your honors have any other questions, thank you. Okay, it's just argued and submitted.
judges: WATFORD, FRIEDLAND, BENNETT